UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEON BRIGHT,

    Plaintiffs,

v.       Case No. 8:12-cv-1163-T-35MAP

DALE FRIX, *et al.*,

    Defendants.
_____/

## ORDER

This case stems from Defendants' arrest of Plaintiff for possession of a counterfeit license plate. Plaintiff subsequently brought six claims against Defendant concerning the validity of the arrest and imprisonment, as well as the use of force during the arrest. After Defendants moved to dismiss Plaintiff's complaint, the Court found that Defendants' arrest of Plaintiff was valid (doc. 44). Accordingly, the Court dismissed Plaintiff's claims that concerned the validity of the arrest (*id.*). The remaining claims, which focus on Defendants' use of force during the arrest, are assault, battery, and use of excessive force. Before me is Plaintiff's motion to compel responses to his interrogatories and his requests for production (doc. 51). For the reasons stated, I deny Plaintiff's motion.

    *A. Discussion*

Under Rule 37, Federal Rules of Civil Procedure, the trial court has sound discretion to rule on motions to compel. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Discovery under the Federal Rules is governed by the principle of proportionality. Federal Rule of Civil Procedure 26(b)(1), which defines the scope of

discoverability and which was recently amended, states,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *Moore v. Lender Processing Servs. Inc.*, No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013).

Plaintiff seeks to compel production of "copies of criminal report affidavits, traffic citations . . . against Plaintiff . . . as well as prosecution affidavits" (request 2), "copies of all I.A.B. disciplinary actions, reports . . . concerning . . . Barber[1]" (request 3), "Florida Department Law Enforcement provisions and procedures relevant to violation of Florida Statute 320.26(1)" (request 4), and "copies of any Florida Department of Motor Vehicle Safety Highway 'order' to seize tag relevant in this case . . ." (request 5). Plaintiff's argument as to why these are relevant does not focus on the remaining claims concerning the use of force. Rather, Plaintiff says the requests are relevant because it is not his fault that the Court made a "ludicrous ruling" in dismissing his claims concerning the validity of the arrest. He also states the jury is entitled to hear the "full story" concerning the Defendants' pattern of unlawful behaviors. Defendants argue that the documents Plaintiff seeks are relevant only to the claims that have been dismissed and not to whether Defendants used excessive force against Plaintiff. For the reasons stated by Defendants, I find that Plaintiff has not met his burden of proving the documents sought are

---

[1] Plaintiff does not bring claims against Barber for use of excessive force, assault, or battery.

relevant to the remaining claims.

As to the interrogatory requests that Plaintiff seeks to compel, these concern "counterfeit license plates" (interrogatories 6, 10, 11), Defendants' involvement in criminal cases concerning Plaintiff (interrogatory 12), and an "administrative tag seizure" (interrogatory 13). In other words, these too relate to the validity of the arrest claims that the Court dismissed. And, Plaintiff makes the same relevance argument – the false arrest claims should not have been dismissed and the interrogatories nonetheless show Defendants' pattern of ill will towards Plaintiff. Accordingly, and for the reasons stated in Defendants' response, I find that Plaintiff has not met his burden of proving the interrogatory answers sought are relevant to the remaining claims.

*B. Conclusion*

For the reasons stated, it is ORDERED:

1. Plaintiff's motion to compel responses to his interrogatories and his requests for production (doc. 51) is DENIED.

DONE and ORDERED in Tampa, Florida on January 22, 2016.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE